UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.                                 Case No.:  2:24-cv-704-SPC-KCD

KELVIN JIMENEZ, DYLAN J. RENZ, and CITY OF PUNTA GORDA,

    Defendants.
                               /

**OPINION AND ORDER**

After four bites at the apple, the Court dismissed pro-se Plaintiff Andrew Sheets' third-amended complaint with prejudice for failure to state a claim.[1] (Doc. 50). Plaintiff now seeks reconsideration of such dismissal. (Doc. 57).

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. *Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). Court orders are not intended as first drafts subject to revisions at a

---

[1] Although Plaintiff is proceeding without a lawyer, he is no stranger to federal court. *See Sheets v. City of Punta Gorda, Florida*, 2:19-cv-484-SPC-MM; *Sheets v. City of Punta Gorda, Florida*, 2:22-cv-246-SPC-NPM; *Sheets v. Bell*, 2:23-cv-35-JLB-KCD; *Sheets v. City of Punta Gorda et al.*, 2:24-cv-495-JLB-KCD; *Sheets v. Prummell et al.*, 2:24-cv-943-SPC-NPM; *Sheets v. Charlotte County et al.*, 2:24-cv-958-JES-KCD; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-61-JLB-KCD; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-130-JLB-KCD; *Sheets v. Martin et al.*, 2:25-cv-444-SPC-NPM; *Sheets v. Lipker et al.*, 2:25-cv-493-JLB-KCD; *Sheets v. Pribble*, 2:25-cv-500-JLB-NPM; *Sheets v. Woelk et al.*, 2:25-cv-578-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-583-SPC-NPM; *Sheets v. Woelk et al.*, 2:25-cv-611-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-612-JLB-NPM; *Sheets v. Angelini et al.*, 2:25-cv-644-JLB-NPM; *Sheets v. Gray, et al.*, 2:25-cv-667-JES-NPM.

litigant's pleasure, so a movant must establish extraordinary circumstances supporting reconsideration. *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015). "A motion for reconsideration should raise new issues, not merely readdress issues previously litigated." *PaineWebber Income Props. v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).

After reviewing Plaintiff's motion, he presents no extraordinary circumstances warranting reconsideration. He merely attempts to relitigate the issues already decided by the Court. That said, the Court will address a couple of points Plaintiff raises.

Plaintiff argues that the Court did not address whether Plaintiff actually violated the ordinance for which he was issued a trespass warning. (Doc. 57 at 2). He is partially correct. The Court did not address this issue, but it explained why. The Court explained that although Plaintiff attacks the legitimacy of the trespass warning he was issued, this point is irrelevant for his selective-enforcement claims. (Doc. 50 at 7 n.6). Despite Plaintiff's contention, this is correct. The crux of a selective-enforcement claim, which Plaintiff brought here, is that an individual is singled out for prosecution because of a held viewpoint while others similarly situated—who do not share that same viewpoint—are not. *See Bryan Media, Inc. v. City of St. Petersburg*, No. 8:05-CV-291-T-MSS, 2006 WL 8440094, at *5 (M.D. Fla. Dec. 11, 2006),

*aff'd*, 293 F. App'x 717 (11th Cir. 2008). It matters not whether the prosecution, or in this case the trespass warning, was legitimate. The relevant inquiry is whether others similarly situated were not cited (appropriately or not) under the ordinance.

To be sure, the Court gave Defendants the same treatment. In an earlier motion to dismiss, Defendants argued the inverse—that Plaintiff's selective-enforcement claims should be dismissed because the trespass warning was valid. In rejecting this argument, the Court explained to Defendants that "a lawful citation does not dispose of a selective-enforcement claim if Plaintiff can produce 'objective evidence that he was arrested or cited when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been.'" (Doc. 36 at 6 n.5 (quoting *Nieves v. Bartlett*, 587 U.S. 391, 407 (2019))). This principle applies both ways. Because the validity of the trespass warning is irrelevant to Plaintiff's selective-enforcement claims, there was no need for the Court to address it.

Plaintiff also argues the Court erred in its finding that Officer Renz did not issue Plaintiff the trespass warning. (Doc. 57 at 16–17). Even assuming Plaintiff is correct, it is meaningless because the Court dismissed Plaintiff's claim against Officer Renz on another ground—failing to state a claim. (Doc. 50).

Plaintiff also continues with his repeatedly rejected argument that the ordinance, is "unreasonable" and thus unconstitutional. (Doc. 57 at 18). But, as Plaintiff is well aware, the Eleventh Circuit has already upheld the ordinance as constitutional. *See Hoffman v. Delgado*, No. 23-13213, 2025 WL 25856, at *3 (11th Cir. Jan. 3, 2025). His incessant attempts to have this Court strike the ordinance as unconstitutional are now frivolous, and any future attempt to raise this argument—in this case or future cases—may result in sanctions.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration (Doc. 57) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 30, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record