UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

  v.

                                Case No. 2:24-cv-704-SPC-KCD

KELVIN JIMENEZ, IN PERSONAL
CAPACITY; DYLAN J RENZ, IN
PERSONAL CAPACITY; AND
CITY OF PUNTA GORDA,
MUNICIPALITY;

    Defendants.
_____/

## REPORT & RECOMMENDATION

Plaintiff Andrew Sheets is a self-proclaimed citizen journalist. He often wears a bodycam while in government buildings to document his interactions with public officials. This has led to friction with the City of Punta Gorda, which has an ordinance that prohibits "record[ing] video and/or sound within City-owned, controlled, and leased property, without the consent of all persons whose voice or image is being recorded." Punta Gorda Code § 15-48(e).[1] Plaintiff has been trespassed several times from City property for surreptitious recordings that he later posts on YouTube.

Plaintiff first sued to challenge the ordinance as unconstitutional. *See Sheets v. City of Punta Gorda, Fla.*, 415 F. Supp. 3d 1115, 1120 (M.D. Fla.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

2019). When that failed, he turned his attention to the underlying trespass violations and the officers who issued them. *See, e.g.*, *Sheets v. City of Punta Gorda et al.*, 2:24-cv-495-JLB-KCD. This is such a case.

On August 12, 2020, Plaintiff entered the Punta Gorda Public Safety Complex to file a complaint. He was met by Officer Kelvin Jimenez, who asked Plaintiff to step outside. Once outside, Officer Jimenez told Plaintiff he "cannot be inside while recording." (Doc. 43 ¶ 21.) A few months later, Plaintiff returned to the Public Safety Complex to conduct a records request. He was trespassed from the building by Officer Dylan Renz for again violating the ordinance. (*Id.* ¶ 43.)

Based on these confrontations, Plaintiff sued the City and the officers under 42 U.S.C. § 1983. (Doc. 1.) His complaint underwent several revisions, eventually claiming the officers violated his First Amendment rights by engaging in viewpoint discrimination. As for the City, he alleged a "*Monell* claim . . . for failure to train its employees." (Doc. 50 at 3.) The Court rejected both theories because Plaintiff did not offer sufficient "facts suggesting . . . that the Officers selectively enforced the Ordinance against him." (*Id.* at 7.) And because it was "Plaintiff's fourth bite at the apple," the claims were dismissed with prejudice. (*Id.* at 1.)

Having prevailed in the case, Defendants now request attorney's fees. (Doc. 54.) They argue Plaintiff "unreasonably and vexatiously continued with [his] claims" despite knowing they had "no legal or factual merit." (*Id.* at 7.)

In awarding attorney's fees, federal courts follow the "American Rule." *Amegy Bank Nat'l Ass'n v. DB Priv. Wealth Mortg., Ltd.*, No. 2:12-CV-243-FTM-38CM, 2014 WL 2199641, at *3 (M.D. Fla. May 27, 2014). "Under the American Rule, fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Solis Yachting, Ltd. v. M/Y D'NATALIN*, No. 06-60005-CIV, 2006 WL 8432480, at *2 (S.D. Fla. July 7, 2006). "The party seeking attorney's fees bears the burden of establishing entitlement via statute or enforceable contract." *Celera Telecom Ltd. v. LDI Networks, Inc.*, No. 21-20324-CIV, 2022 WL 2341156, at *2 (S.D. Fla. May 2, 2022).

Defendants seek fees through two statutes: 42 U.S.C. § 1988 and 28 U.S.C. § 1927. The Court starts with the latter because it is inapplicable here.

Under § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* Although broadly aimed at vexatious conduct, §

3

1927 contains an important caveat—it refers to *attorneys and other persons admitted to conduct cases*. So "awards pursuant to § 1927 may be imposed only against the offending attorney," not pro se litigants. *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001); *see also Godwin v. Marsh*, 266 F. Supp. 2d 1355, 1359 (M.D. Ala. 2002) ("[B]y its plain language, § 1927 applies to those admitted to practice law in the court and not to others, such as parties.").

Some courts have extended § 1927 to reach pro se parties, given that its purpose is to deter frivolous litigation. *See, e.g.*, *Merritt v. Lake Jovita Homeowner's Ass'n, Inc.*, No. 8:08-CV-98-T-27EAJ, 2009 WL 10670813, at *4 n.4 (M.D. Fla. Sept. 28, 2009). But that approach impermissibly rewrites the statute. "Our job is to follow the text even if doing so will supposedly undercut a basic objective of the statute[.]" *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 135 (2015). There are other mechanisms available to reach vexatious parties. *See Smith v. Grand Bank & Tr. of Fla.*, No. 04-80343, 2005 WL 6106148, at *12 (S.D. Fla. Apr. 28, 2005) ("Unlike section 1927, sanctions awarded pursuant to the inherent authority of the court may be levied against individual litigants, not just attorneys.").

Turning to § 1988, it provides that "[i]n any action or proceeding to enforce a provision of [§ 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" 42

4

U.S.C. § 1988(b). A prevailing plaintiff "is to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 417 (1978). By contrast, a more stringent standard applies to prevailing defendants, who may recover fees only when the plaintiff's claim was "frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

The Eleventh Circuit has identified four factors to consider when assessing a defendant's motion under § 1988: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial; and (4) whether there was enough support for the plaintiff's claim to warrant the court's close attention." *Poulin v. Bush*, No. 8:21-CV-1516-WFJ-AEP, 2023 WL 2242593, at *1 (M.D. Fla. Feb. 27, 2023).

The first three factors favor Defendants. Plaintiff failed to establish a prima facie case under any claim. Defendants "made no offer to settle." (Doc. 56 at 6.) And the case was dismissed on the pleadings. (*See* Doc. 50.) That leaves whether Plaintiff's claims warranted the court's "close attention." *Poulin*, 2023 WL 2242593, at *1. "Even if the first three factors favor the prevailing defendant, a court will not award attorneys' fees if the particularly important fourth factor is in the plaintiff's favor." *Id.*

This is not a case where Plaintiff brought groundless claims based on a nonexistent right, or something similar. *See, e.g.*, *Head v. Medford*, 62 F.3d 351, 356 (11th Cir. 1995). The complaint pled a cognizable theory that failed only because Plaintiff lacked enough facts to show a comparator, which can be a difficult task even for experienced counsel. *See West v. City of Albany, Ga.*, 830 F. App'x 588, 595 (11th Cir. 2020). A "plaintiff's section 1983 claims should not be considered groundless or without foundation for the purpose of an award of fees . . . when the claims are meritorious enough to receive careful attention and review." *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1302 (11th Cir. 2021). The claims pressed here, while weak, received careful attention. Indeed, the Court thought enough of them to give Plaintiff "four[] bites at the apple." (Doc. 50 at 1.) Although he did not prevail, "it was not obvious from the outset of the litigation that the [claims were] frivolous." *Steffens v. Nocco*, No. 8:19-CV-1940-KKM-AAS, 2022 WL 1467353, at *4 (M.D. Fla. Apr. 21, 2022).

Defendants stress that even if Plaintiff pled a recognized legal theory, he had no basis to include Officers Jimenez and Renz because they "did not trespass him." (Doc. 54.) This argument is a headscratcher. Officer Jimenez removed Plaintiff from the Public Safety Complex on camera. And as best the Court can tell from the documents provided, Officer Renz prepared the second trespass citation. (Docs. 56-1, 56-2.) This evidence, while not enough

6

to create liability, does implicate the officers in the alleged harm. To be sure, Plaintiff was less than clear about the officers' involvement in his pleadings and papers. But the Court cannot agree on the record now available that he sued them on "a false premise." (Doc. 56 at 7.)

In deciding if a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981). Plaintiff lost. But his case was not so devoid of arguable merit or factual support as to be frivolous. It is thus **RECOMMENDED** that Defendants' Motion to Determine Entitlement to Attorney's Fees (Doc. 54) be **DENIED**.

**ENTERED** in Fort Myers, Florida on August 6, 2025.

*Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.